# EXHIBIT A

# Supreme Court of Pennsylvania

### Court of Common Pleas
### Civil Cover Sheet
York County

Friday, March 20, 2015 2:03 PM

2015-SU-000933-88

2015 MAR 20

OFFICE OF P...

*The information collected on this form is used solely for court administration purposes. This form does not supplement or replace the filing and service of pleadings or other papers as required by law or rules of court.*

**SECTION A**

| Commencement of Action: |
|---|
| ☒ Complaint   ☐ Writ of Summons   ☐ Petition |
| ☐ Transfer from Another Jurisdiction   ☐ Declaration of Taking |

| Lead Plaintiff's Name: | Lead Defendant's Name: |
|---|---|
| Mary G. Bair | Baratz Dental, LLC |

| Are money damages requested?  ☒ Yes   ☐ No | Dollar Amount Requested: (check one) | ☐ within arbitration limits ☒ outside arbitration limits |
|---|---|---|

| Is this a *Class Action Suit*?   ☐ Yes   ☒ No | Is this an *MDJ Appeal*?   ☐ Yes   ☒ No |
|---|---|

Name of Plaintiff/Appellant's Attorney: Amanda Snoke Dubbs

☐ Check here if you have no attorney (are a Self-Represented [Pro Se] Litigant)

**SECTION B**

**Nature of the Case:** Place an "X" to the left of the **ONE** case category that most accurately describes your *PRIMARY CASE.* If you are making more than one type of claim, check the one that you consider most important.

**TORT** *(do not include Mass Tort)*
- ☐ Intentional
- ☐ Malicious Prosecution
- ☐ Motor Vehicle
- ☐ Nuisance
- ☐ Premises Liability
- ☐ Product Liability *(does not include mass tort)*
- ☐ Slander/Libel/ Defamation
- ☐ Other: _____

**MASS TORT**
- ☐ Asbestos
- ☐ Tobacco
- ☐ Toxic Tort - DES
- ☐ Toxic Tort - Implant
- ☐ Toxic Waste
- ☐ Other: _____

**PROFESSIONAL LIABLITY**
- ☐ Dental
- ☐ Legal
- ☐ Medical
- ☐ Other Professional: _____

**CONTRACT** *(do not include Judgments)*
- ☐ Buyer Plaintiff
- ☐ Debt Collection: Credit Card
- ☐ Debt Collection: Other

- ☐ Employment Dispute: Discrimination
- ☒ Employment Dispute: Other FLSA, PWPCA, PHRC

- ☐ Other: _____

**REAL PROPERTY**
- ☐ Ejectment
- ☐ Eminent Domain/Condemnation
- ☐ Ground Rent
- ☐ Landlord/Tenant Dispute
- ☐ Mortgage Foreclosure: Residential
- ☐ Mortgage Foreclosure: Commercial
- ☐ Partition
- ☐ Quiet Title
- ☐ Other: _____

**CIVIL APPEALS**
Administrative Agencies
- ☐ Board of Assessment
- ☐ Board of Elections
- ☐ Dept. of Transportation
- ☐ Statutory Appeal: Other _____
- ☐ Zoning Board
- ☐ Other: _____

**MISCELLANEOUS**
- ☐ Common Law/Statutory Arbitration
- ☐ Declaratory Judgment
- ☐ Mandamus
- ☐ Non-Domestic Relations Restraining Order
- ☐ Quo Warranto
- ☐ Replevin
- ☐ Other: _____

*Updated 1/1/2011*

# IN THE COURT OF COMMON PLEAS OF YORK COUNTY, PENNSYLVANIA
## CIVIL DIVISION

Mary G. . Bair              :

                  : Case No.

versus                :

                  :

Baratz Dental, LLC, Scott Baratz, and  :

Lesley Baratz

## NOTICE TO DEFEND
Pursuant to PA RCP No. 1018.1

YOU HAVE BEEN SUED IN COURT. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this Complaint and Notice are served, by entering a written appearance personally or by attorney and filing in writing with the Court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the Court without further notice for any money claimed in the Complaint or for any other claim or relief requested by the Plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

LAWYER REFERRAL SERVICE OF THE
YORK COUNTY BAR ASSOCIATION
YORK COUNTY BAR CENTER
137 EAST MARTKET STREET
YORK, PENNSYLVANIA 17401
TELEPHONE: (717) 854-8755

Effective September 1, 2003 Complaint

## EN LA CORTE DE ALEGATOS COMÚN DEL CONDADO DE YORK, PENNSYLVANIA
## DIVISIÓN CIVIL

## AVISO PARA DEFENDER
Conforme a PA RCP Núm. 1018.1

USTED HA SIDO DEMANDADO/A EN LA CORTE. Si usted desea defender conta la demanda puestas en las siguientes páginas, usted tienen que tomar acción dentro veinte (20) días después que esta Demanda y Aviso es servido, con entrando por escrito una aparencia personalmente o por un abogado y archivando por escrito con la Corte sus defensas o objeciones a las demandas puestas en esta contra usted. Usted es advertido que si falla de hacerlo el caso puede proceder sin usted y un juzgamiento puede ser entrado contra usted por la Corte sin más aviso por cualquier dinero reclamado en la Demanda o por cualquier otro reclamo o alivio solicitado por Demandante. Usted puede perder dinero o propiedad o otros derechos importante para usted.

USTED DEBE LLEVAR ESTE PAPEL A SU ABOGADO ENSEGUIDA. SI USTED NO TIENE UN ABOGADO, VAYA O LLAME POR TELÉFONO LA OFICINA FIJADA AQUÍ ABAJO. ESTA OFICINA PUEDE PROVEERÉ CON INFORMACIÓN DE CÓMO CONSEGUIR UN ABOGADO.

SI USTED NO PUEDE PAGARLE A UN ABOGADO, ÉSTA OFICINA PUEDE PROVEERÉ INFORMACIÓN ACERCA AGENCIAS QUE PUEDAN OFRECER SERVICIOS LEGAL A PERSONAS ELIGIBLE AQ UN HONORARIO REDUCIDO O GRATIS.

SERVICIO DE REFERIDO A ABOGADO
COLEGIO DE ABOGADOS DEL CONDADO DE YORK
ABOGACÍA DEL CONDADO DE YORK
CALLE MARKET #137 ESTE
YORK, PENNSYLVANIA 17401
TELÉFONO: (717) 854-8755

Efectivo 1 de septiembre, 2003 Queja

## IN THE COURT OF COMMON PLEAS OF YORK COUNTY, PENNSYLVANIA

| MARY G. BAIR | : | NO. |
|---|---|---|
| Plaintiff | : | |
| v. | : | JURY TRIAL DEMANDED |
| BARATZ DENTAL, LLC, | : | |
| SCOTT BARATZ, and LESLEY BARATZ | : | |
| Defendants | : | CIVIL ACTION - LAW |

### COMPLAINT

1. Plaintiff, Mary G. Bair, is an adult individual residing at 206 Honeysuckle Court, Hanover, Pennsylvania, 17331.

2. Defendant Baratz Dental, LLC, is believed to be a Pennsylvania Limited Liability Company with a registered address of 104 Carlisle Street, Suite 2, Hanover, Pennsylvania, 17331.

3. Defendant Scott Baratz is believed to be an adult individual and to be employed by Baratz Dental, LLC at the time Plaintiff was employed.

4. Defendant Lesley Baratz is believed to be an adult individual and to be employed by Baratz Dental, LLC at the time Plaintiff was employed.

5. Plaintiff, Mary G. Bair, was employed by Defendant Baratz Dental, LLC beginning on January 18, 2010, to work as an Office Manager after the Defendant purchased the practice from Dr. Walter Maust.

6. Plaintiff had worked for Dr. Walter Maust since May 17, 1976, in the same position as she was hired by the Defendant.

7. Plaintiff's hourly rate was $26.00 per hour.

8. On or about Sunday, January 12, 2014, at 6:59 a.m., Plaintiff was fired from her position with Defendant by text message. (See attached Exhibit A)

## Count I
## Fair Labor Standards Act

9. Paragraphs 1-8 of the complaint are hereby incorporated by reference, as set forth in full herein.

10. Plaintiff was paid on an hourly basis by Defendant.

11. During the time that Plaintiff was employed by the Defendants as the Front Desk Office Manager, she was subjected to numerous email messages and text messages from her employer on non-scheduled work days, which required her timely response.

12. Defendant did not supply Plaintiff's computer, internet connection, or email account in which they sent these messages.

13. Defendant did not supply Plaintiff's telephone or pay her wireless bill.

14. Plaintiff requested that Defendant not email her or text her during her non-working hours.

15. Defendant refused to end these repeated communications with the Plaintiff during her non-working hours.

16. Plaintiff was not paid for any time associated with responding to these email messages and text messages.

17. It is believed that Defendant willfully violated the Federal Labor Standards Act for not paying Plaintiff for the hours worked associated with these email messages and text messages.

18. It is believed that Defendants had a reckless disregard for whether their conduct was prohibited by the Fair Labor Standards Act.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment in her favor and against the Defendants, in an amount not in excess of fifty thousand dollars, together with interest, costs, and attorney's fees.

## Count II
## Pennsylvania Wage Payment & Collection Act

19. Paragraphs 1-18 of the complaint are hereby incorporated by reference, as set forth in full herein.

20. In accordance with Plaintiff's pay stub dated December 27, 2013 – January 2, 2014, Plaintiff had earned 96.00 hours of vacation.

21. At the time of Plaintiff's termination, Plaintiff still had 96.00 hours of unused, earned, vacation time.

22. At all times since the Plaintiff's termination by Defendant, and despite Plaintiff's repeated demands upon Defendant to pay the accrued paid time off due, Defendant has and continues to refuse to make payment to the Plaintiff.

23. The payment for accrued paid time off due Plaintiff by Defendants constitutes wages under the Pennsylvania Wage Payment and Collection Law, 43 Pa.C.S.A.§2601.1, and the action of the Defendants constitute a violations of the Pennsylvania Wage Payment and Collection Law.

24. In addition to the value of accrued paid time off benefits and in accordance with 43 Pa.C.S.A. §260.10, Plaintiff is entitled to liquidated damages in an amount equal to twenty-five percent of the wages due, or five hundred dollars, which ever is greater.

25. In accordance with 43 Pa.C.S.A. §260.9 (a)(f), Plaintiff is entitled to attorney's fees associated with this action.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment in her favor and against the Defendants, in an amount not in excess of fifty thousand dollars, together with interest, costs, and attorney's fees.

## Count III
## Wrongful Termination

26. Paragraphs 1-25 are hereby incorporated by reference as if set forth in full herein.

27. In this position, Plaintiff's responsibilities were unclear as there was no job description detailing the expectations of Plaintiff in her role of Front Desk Office Manager.

28. At all times material to this Complaint, Plaintiff worked for Defendant in a loyal, efficient, and highly capable manner.

29. On or around January 2014, Plaintiff received an extra bonus from Defendant and accolades for all her hardwork.

30. Hereafter, Plaintiff continued to work for Defendant in a loyal, efficient, and highly capable manner.

31. On Saturday, January 11, 2014, Complainant was terminated twenty hours after receiving a text from Defendant Scott Baratz regarding a text message conversation he had with another employee.

32. On Saturday, January 11, 2014, Defendant Scott Baratz sent Plaintiff the text message conversation he had with another employee, as her role as Front Desk Office Manager. Subsequently, Plaintiff provided her opinion as previously done when other employees were terminated.

33. Defendant posted Plaintiff's position on Craig's List on January 11, 2014, at 5:55 p.m.

34. Plaintiff was terminated at 6:59 a.m. on Sunday, January 12, 2014.

35. Plaintiff's opinion after being consulted by the Defendant in her role as Front Desk Office Manager was why Plaintiff was wrongfully terminated.

36. As a direct result of the actions of Defendants, Plaintiff has suffered serious and continuing injury, including but not limited to loss of income and benefits, damage to her reputation, and emotional paid and suffering.

37. The actions of Defendants were willful and malicious, and were undertaken for the purpose of depriving Plaintiff of his constitutionally protected rights, as well as for the purpose of causing injury and emotional anguish to Plaintiff.

WHEREFORE, Plaintiff respectfully requests this Honorable Court enter judgment in her favor and against Defendant in a sum in excess of fifty thousand dollars, together with punitive damages for a sum in excess of fifty thousand dollars, as well as costs, interest, and attorney's fees.

## Count IV
## Pennsylvania Human Relations Act
## Discrimination Based on Age

38. Paragraphs 1-37 are hereby incorporated by reference as if set forth in full herein.

39. Plaintiff is a citizen of the Commonwealth of Pennsylvania.

40. At all times relevant hereto, Defendant has been in the business of providing dental services.

41. Defendant on information and belief employed four or more person when the unlawful conduct alleged in this complaint occurred.

42. Since that time, and until Plaintiff's employment was terminated, Plaintiff worked in a loyal and satisfactory manner, consistently performing at or above the level of her co-workers.

43. Plaintiff is in a protected age class, specifically she was 57 years of age.

44. Plaintiff was the oldest employee with the Defendant.

45. Plaintiff was provided with no details or specifics by Defendant and only received a text message terminating her employment on a non-workday.

46. Plaintiff was subsequently replaced by a younger female, Jennifer Hurley who was hired to fulfill Plaintiff's job duties when Plaintiff was terminated.

47. Plaintiff believes the Defendant's actions were due to her protected class since the Defendant constantly complained about Plaintiff's wage rate and subsequently, lowered the wages for this position when Jennifer Hurley was hired in her place.

48. Defendant's actions in terminating Plaintiff's employment were unjust, without privilege and solely intended to cause injury to Plaintiff.

49. As a result of the actions of Defendant, Plaintiff has sustained injury in the form of lost wages, loss of employment opportunities and serious emotional trauma and suffering.

50. Based upon the foregoing, I allege that the Defendant violated Section 5(a) of the Pennsylvania Human Relations Act 43 P.S. 951-963.

51. Plaintiff prays that the Defendant will be required to provide all appropriate remedies und §9 of the Pennsylvania Human Relations Act.

**WHEREFORE,** Plaintiff respectfully requests judgment against Defendant in an amount in excess of $50,000, together with costs, interest and fees, together with injunctive relief preventing Defendant from continuing to act in a discriminatory fashion.

Respectfully submitted,

Date: 3|20|2015          By:     _____

Amanda Snoke Dubbs, Esq.
Supreme Court Id: 202254
294 Dew Drop Road
York, PA 17402
Telephone: (717)430-6730
Email: mandasnokedubbs@comcast.net



< Messages (2) Scott

I know Mary but we are dumb and dumber until we find something. I know this mean but I wish something tragic would happen to them, I have never loathed a

nyone as much as them

It means what it says. There is nothing disrespectful to either of you.

We do not wish either of you anything but the best. We are sorry you feel the way you do.

Text Message    Send



< Messages (2) Scott

Stacy told us before she left you felt this way.

Please give mary your key. You are terminated. You are not to enter the office as of now. Mary will collect your things on Monday and return them to you.

Text Message    Send



EXHIBIT

A



< Messages (2)  Scott                    2:42 PM

We had not planned to fire
her. The same apt times
were written in 2012.
Nothing changed. The
schedule needed to be
corrected. To have any
problems

with the schedule being up
this attitude is shocking.
We do not see how we can
employ anyone with her
intensely negative feelings
towards us. Maybe you
could we can't. It is very
concerning.

We are looking for hyge

Send



< Messages (2)  Scott                    2:43 PM

We have a sub for Monday.
Ad is posted on Craig list.
Ashleigh has been
advised.

Mary I have read and
reread many times what
you and beth have written
us. I just can't get beyond
it. I can not work with
someone who feels this
way abou

f us. Please pick a time I
can meet you at the office
today to pick up your and
beth personal belongings
and return our keys to us. I









## Verification

I verify that the statements made in this Complaint are true and correct.  I understand that false statements herein are made subject to the penalties of 18 Pa.C.S.A. §4904, relating to unsworn falsification to authorities.

Date: 3|20|2015

_____
Mary G. Bair